UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATEASE RIKARD, individually and on behalf of others similarly situated,  )  )  ) | |
| Plaintiffs,  ) | |
| )  vs.  ) | Case No. 4:11-CV-01580-NAB |
| )  U.S. AUTO PROTECTION, LLC, et al,  )  ) | |
| Defendants.  ) | |

**MEMORANDUM AND ORDER**

Presently before the Court is a Motion for Reconsideration of the Court's December 23, 2011 Memorandum and Order. [Doc. 39]. Defendants filed a memorandum in support of the motion. [Doc. 40]. Plaintiffs did not respond to the motion. Having fully considered the arguments set forth by Defendants, the Court grants the motion.

**Discussion**

On December 23, 2011, the Court issued a Memorandum and Order granting Plaintiffs' Motion for Conditional Certification of a Collective Action under § 216(b) of the Fair Labor Standards Act. [Doc. 37]. The Court determined that Plaintiffs satisfied the required showing of willfulness for the three year statute of limitations in 29 U.S.C. § 255(a) to apply to the conditionally certified class for purposes of notice of the action. The Court concluded that the three year statute of limitations should run from the date the action was filed, which was September 13, 2011. Therefore, the Court conditionally certified a class to include only those persons that worked for Defendants as sales representatives, either as set-up employees/pre-screeners or closers, from September 13, 2008 to September 13, 2011. The Court ordered that

Defendants disclose the names, last known addresses and the dates of employment of all such persons and authorized Plaintiffs to send notice of this action to all such persons.

In the instant motion and accompanying memorandum, Defendants argue that the statute of limitations should run from the date of the Court's Order, which was December 23, 2011, and not from the date the action was filed. Also, Defendants suggest that the statute of limitations be tolled by nine days, pursuant to an agreement made between the parties. Defendants therefore suggest that the certified class should include only those persons that worked for Defendants as sales representatives between December 14, 2008 and December 14, 2011, and that notice of this action be sent to only those persons. Defendants cite to three FLSA cases from this District in which the court certified a class that went back three years from the date of the order. *See Simmons v. Enterprise Holdings, Inc.*, 2011 WL 855669 (E.D. Mo. 2011); *Beasely v. GC Servs. LP*, 270 F.R.D. 442, 445 (E.D. Mo. 2010); *Ondes v. Monsanto Co.*, 2011 WL 6152858 (E.D. Mo. 2011).[1] Having reviewed the cases cited by Defendants, the Court finds that Defendants' position has support within this District. Furthermore, Plaintiffs raised no objections to Defendants' motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration is **GRANTED** [Doc. 39];

**IT IS FURTHER ORDERED** that the conditionally certified class shall include only those persons that worked for Defendants as sales representatives, either as set-up employees/pre-screeners or closers, from December 14, 2008 to December 14, 2011;

---

[1] *But see Littlefield v. Dealer Warranty Services, LLC*, 679 F.Supp.2d 1014, 1016 (E.D. Mo. 2010) (Court ordered notice to go back three years from a date other than the date of the order); *Jost v. Commonwealth Land Title Ins. Co.*, No. 4:08CV734 CDP, 2009 WL 211943 (E.D. Mo. Jan. 27, 2009) (same); *Chankin v. Tihen Commc'ns, Inc.*, No.4:08CV196HEA, 2009 WL 775588, at * 1 (E.D. Mo. Mar. 20, 2009) (class certified from three years prior to the filing of the Complaint).

**IT IS FURTHER ORDERED** that Defendants shall provide to Plaintiffs' counsel a list, of the names, last known addresses and the dates of employment of all persons that worked for Defendants as sales representatives, either as set-up employees/pre-screeners or closers, from December 14, 2008 to December 14, 2011.  Said list shall be provided to Plaintiffs' counsel in a computer readable data file format within thirty (30) days of the date of this Order.

Dated this 19th day of January, 2012.

        /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE