UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATEASE RIKARD, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. AUTO PROTECTION, LLC, U.S. AUTO WARRANTY, LLC, RAY VINSON III, SHAWN VINSON MATT MCLAIN, BRIAN SCHATZBERG, PAUL BENENATI, JOSH MARKERT, and RANDAL "BEN" DEVERGER,<br><br>Defendants. | Case No.: 4:11-cv-01580-NAB<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

Plaintiff Latease Rikard, individually and on behalf of all others similarly situated, for her Second Amended Complaint against Defendants U.S. Auto Protection, LLC; U.S. Auto Warranty, LLC; Ray Vinson III; Shawn Vinson; Matt McLain, Brian Schatzberg, Paul Benenati, Josh Markert, and Randal "Ben" Deverger (hereinafter collectively "Defendants"), states and alleges as follows:

### Nature of Case

1. Defendants employ pre-screeners and closers (hereinafter collectively "Sales Representatives") to staff customer service telephone lines at a call center located at 766 Industrial Court Road in Chesterfield, Missouri. During relevant times preceding this action, Defendants' Sales Representatives were paid on a commission basis based on telephone sales of vehicle service contracts ("VSCs"), with a weekly or monthly minimum payment. Defendants' Sales Representatives have often worked in excess of 40 hours per week, but they have not been

1



paid one and one half times their regular rate for time worked in excess of 40 hours in a workweek. Plaintiff, individually and on behalf of all others similarly situated, seeks to recover unpaid compensation under the Fair Labor Standards Act ("FLSA") and Missouri law.

### Jurisdiction and Venue

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and other similarly situated Sales Representatives is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332(d)(2) and 1367.

3. Missouri law authorizes court actions by private parties to recover damages for violation of the Missouri Minimum Wage Law (hereinafter "MMWL"). R.S. Mo. § 290.527. Jurisdiction over Plaintiff's state law claims is based on 28 U.S.C. §§ 1332(d)(2) and 1367 and R.S. Mo. § 290.527.

4. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendants do business in this district and employ Sales Representatives to work in this district, and because substantial unlawful conduct giving rise to the claims occurred in this district.

### Parties

5. Plaintiff Latease Rikard resides in the County of St. Louis, Missouri and she previously worked as a Sales Representative at Defendants' call center in St. Louis County, Missouri from approximately January through May, 2011. At different times during her employment, Plaintiff worked as a closer and as a pre-screener. Plaintiff Rikard's consent to join this action is attached hereto as "Exhibit 1."

2

6. Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on behalf of herself and all other similarly situated Sales Representatives employed by Defendants at any time within the three (3) year period preceding the date of filing of this action.

7. Plaintiff brings Counts II and III of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq.* and Fed. R. Civ. P. 23 on behalf of herself and all other similarly situated Sales Representatives employed by Defendants in Missouri during the applicable limitations periods preceding the date of filing of this action.

8. Defendant U.S. Auto Protection, LLC is a Missouri limited liability company maintaining its principal place of business in St. Louis County, Missouri.

9. Defendant U.S. Auto Warranty, LLC is a Missouri limited liability company maintaining its principal place of business in St. Louis County, Missouri.

10. Defendant Ray Vinson III is an "employer" within the FLSA's and MMWL's broad definition as he is an officer or member of U.S. Auto Protection, LLC and U.S. Auto Warranty, LLC who manages and directs the business, maintains operational control of such entities' day-to-day functions, maintains control over such entities' pay practices, and has authority to hire and fire employees. 29 U.S.C. §203(d); R.S.Mo. §290.500(4).

11. Defendant Shawn Vinson is an "employer" within the FLSA's and MMWL's broad definition as he is an officer or member of U.S. Auto Protection, LLC and U.S. Auto Warranty, LLC who manages and directs the business, maintains operational control of such entities' day-to-day functions, maintains control over such entities' pay practices, and has authority to hire and fire employees. 29 U.S.C. §203(d); R.S.Mo. §290.500(4).

12. Defendant Matthew McLain is an "employer" within the FLSA's and MMWL's broad definition as he is an officer and/or member of U.S. Auto Protection, LLC and/or U.S.

Auto Warranty, LLC who manages and directs the business, maintains operational control of such entities' day-to-day functions, maintains control over such entities' pay practices, and has authority to hire and fire employees. 29 U.S.C. §203(d); R.S.Mo. §290.500(4).

13. Defendant Brian Schatzberg is an "employer" within the FLSA's and MMWL's broad definition as he was, at relevant times in the past, an officer and/or owner of U.S. Auto Protection, LLC and/or U.S. Auto Warranty, LLC who managed and directed the business, maintained operational control of such entities' day-to-day functions, maintained control over such entities' pay practices, and/or had the authority to hire and fire employees. 29 U.S.C. § 203(d); R.S. Mo. §290.500(4).

14. Defendant Paul Benenati is an "employer" within the FLSA's and MMWL's broad definition as he was, at relevant times in the past, an officer and/or owner of U.S. Auto Protection, LLC and/or U.S. Auto Warranty, LLC who managed and directed the business, maintained operational control of such entities' day-to-day functions, maintained control over such entities' pay practices, and/or had the authority to hire and fire employees. 29 U.S.C. § 203(d); R.S. Mo. §290.500(4).

15. Defendant Josh Markert is an "employer" within the FLSA's and MMWL's broad definition as he was, at relevant times in the past, an officer and/or owner of U.S. Auto Protection, LLC and/or U.S. Auto Warranty, LLC who managed and directed the business, maintained operational control of such entities' day-to-day functions, maintained control over such entities' pay practices, and/or had the authority to hire and fire employees. 29 U.S.C. § 203(d); R.S. Mo. §290.500(4).

16. Defendant Randal "Ben" Deverger is an "employer" within the FLSA's and MMWL's broad definition as he was, at relevant times in the past, an officer and/or owner of

4

U.S. Auto Protection, LLC and/or U.S. Auto Warranty, LLC who managed and directed the business, maintained operational control of such entities' day-to-day functions, maintained control over such entities' pay practices, and/or had the authority to hire and fire employees. 29 U.S.C. § 203(d); R.S. Mo. §290.500(4).

### General Allegations

17. Sales Representatives employed by Defendants are paid on commission based on making sales of VSCs, which are essentially extended automobile warranties, to customers over the telephone, with a weekly or monthly minimum payment. Defendants do not pay their Sales Representatives based upon the hours they work each workweek.

18. Defendants do not track or record the hours worked by their Sales Representatives. Sales Representatives do not, and are not required to, complete timesheets, punch a time clock, or track their work hours in any way.

19. Defendants' Sales Representatives often work in excess of 40 hours in a workweek. They often work before and/or after their designated work shift, including both preliminary and postliminary activities which are compensable due to their integral and indispensable nature and primary work duties. They worked through at least some of their designated lunch periods. Likewise, Defendants require their Sales Representatives to work certain Saturdays. This extra work accounts for additional hours beyond a 40-hour workweek.

20. Defendants do not pay their Sales Representatives one and a half times their regular rate of pay for hours worked in excess of 40 hours per workweek.

21. The deliberate failure of Defendants to pay their Sales Representatives their overtime compensation violates the FLSA and Missouri law.

5

22. Defendants further violated the FLSA and Missouri law by failing to accurately record all time worked by their Sales Representatives.

23. The net effect of the policies and practices maintained and administered by Defendants, and instituted and approved by Defendants' managers, is that Defendants willfully fail to pay overtime compensation and willfully fail to keep accurate time records to save payroll costs. Defendants thus enjoyed ill-gained profits at the expense of their Sales Representatives.

**Collective/Class Action Allegations**

24. Plaintiff brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

25. In Count I of this lawsuit, Plaintiff, individually and on behalf of other similarly situated Sales Representatives, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to pay overtime based on hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

26. Plaintiff brings Counts II and III of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself a class comprised of all current and former Sales Representatives (including but not necessarily limited to Pre-Screeners and Closers) employed by Defendants within the applicable statute of limitations period preceding the date of filing of this action (hereinafter "the Class").

27. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated Sales Representatives who do not opt-out of the Class.

6

28. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

29. The Class satisfies the numerosity standards as it consists of at least 50 persons, and likely hundreds, and joinder of such Class Members in a single action is impracticable.

30. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation, the following:

> (i) Whether Defendants failed to pay Class members overtime wages as required under R.S. Mo. § 290.500 *et seq.*;
>
> (ii) Whether Defendants failed to accurately or fully record hours worked by the Class as required under R.S. Mo. § 290.500 *et seq.*; and
>
> (iii) Whether Defendants have been unjustly enriched by their failure to pay Class members for time worked.

31. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

32. Plaintiff's claims are typical of those of the Class in that Class members employed in the same or sufficiently similar Sales Representative positions as Plaintiff were subject to the same unlawful practices.

33. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of

inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendants, and/or substantially impairing or impeding the ability of Class members to protect their interests.

34. Plaintiff is an adequate representative of the Class because she is a member of the Class, and her interests do not conflict with the interests of the members of the Class she seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

35. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I: Violation of the Fair Labor Standards Act of 1938

36. Plaintiff reasserts and re-alleges the allegations set forth above.

37. At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

38. The FLSA regulates, among other things, the payment of overtime compensation to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); § 207(a)(1).

8

39. Defendants are subject to the overtime pay requirements of the FLSA because they are, individually and collectively, enterprises engaged in interstate commerce, and Defendant's Sales Representatives are engaged in interstate commerce. Further, upon information and belief, Defendants are, individually and collectively, an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

40. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from minimum wage and overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated Sales Representatives.

41. Plaintiff and other similarly situated Sales Representatives were not paid overtime wages for time worked beyond 40 hours in each workweek, and accordingly, Defendants violated the FLSA.

42. Plaintiff and all similarly situated Sales Representatives are entitled to damages for unpaid within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew—or showed reckless disregard for whether—their conduct was prohibited by the FLSA. Additionally, to the extent any Class member's regular rate of pay fell below the federal minimum wage in any workweek and that Class member worked at least 40 hours in the same workweek, such Class member is entitled to the difference between that regular rate of pay and the full federal minimum wage for all time worked up to 40 hours in that workweek.

43. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated Sales Representatives are entitled to recovery an award of liquidated damages in an amount equal to the amount of unpaid wages permitted by 29 U.S.C. § 216(b).

9

Alternatively, should the Court find that Defendants did not act willfully in failing to pay their Sales Representatives overtime wages, Plaintiff and all similarly situated Sales Representatives are entitled to an award of prejudgment interest at the applicable legal rate.

44. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs and expenses in this action.

WHEREFORE, on Count I of this Second Amended Complaint, Plaintiff and all similarly situated Sales Representatives demand judgment against Defendants and pray for: (1) a declaration that Defendants violated the FLSA by not paying their Sales Representatives overtime wages; (2) a declaration that Defendants violated the FLSA by not paying their Sales Representatives minimum wage in any week in which their regular rate of pay fell below minimum wage and they worked at least 40 hours; (3) compensatory damages; (4) liquidated damages; (5) attorneys' fees, costs, and expenses; (6) pre-judgment and post-judgment interest as provided by law; and (7) such other relief as the Court deems fair and equitable.

### Count II: Violation of the MMWL

45. Plaintiff reasserts and re-alleges the allegations set forth above.

46. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S. Mo. § 290.500 *et seq*.

47. The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. R.S. Mo. §§ 290.500(3) & (4); R.S. Mo. § 290.505.1.

10

48. During all times relevant to this action, Defendants were the "employers" of Plaintiff and the Class within the meaning of the MMWL. R.S. Mo. §§ 290.500(3) & (4).

49. During all times relevant to this action, Plaintiff and the Class were Defendants' "employees" within the meaning of the MMWL. R.S. Mo. §§ 290.500(3).

50. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. R.S. Mo. § 290.505.1.

51. Defendants, pursuant to their policy and practice, violated the MMWL by refusing and failing to pay Plaintiff and other similarly situated Sales Representatives overtime wages required under Missouri law. R.S. Mo. § 290.505.1.

52. Plaintiff and the Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the MMWL, has been applied, and continues to be applied, to Class members.

53. Plaintiff and all similarly situated Sales Representatives are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this lawsuit plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. § 290.527. Additionally, to the extent any Class member's regular rate of pay fell below Missouri's minimum wage in any workweek and that Class member worked at least 40 hours in the same workweek, such Class member is also entitled to the difference between that regular rate of pay and the full Missouri minimum wage for all time worked up to 40 hours in that workweek.

54. Plaintiff and the Class are entitled to an award of pre-judgment interest and post-judgment interest at the applicable legal rate.

11

Case 4:11-cv-01580-NAB Doc. #: 58-1 Filed: 02/27/12 Page: 12 of 13 PageID #: 349

55. Defendants are liable pursuant to R.S. Mo. § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Second Amended Complaint, Plaintiffs and all similarly situated Sales Representatives demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count III: Unjust Enrichment

56. Plaintiff reasserts and re-alleges the allegations set forth above.

57. Plaintiff and others similarly situated conferred benefits on Defendants, and Defendants received such benefits conferred upon it by Plaintiff and those similarly situated.

58. Defendants appreciated the fact of the benefits.

59. Defendants accepted and retained the benefits in circumstances that render such retention inequitable.

60. Defendants have thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

61. Plaintiff and all others similarly situated are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this lawsuit plus periods of equitable tolling.

62. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Second Amended Complaint, Plaintiff and all similarly situated Sales Representatives demand judgment against Defendants and pray for: (1)

compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**RIGGAN LAW FIRM, LLC**

/s/ Russell C. Riggan
Russell C. Riggan (E.D. Mo. # 53060MO)
2000 South 8th Street
St. Louis, Missouri 63104
Phone: (314) 771-5555
Fax: (314) 735-1054
russ@rigganlawfirm.com

**WEINHAUS & POTASHNICK**
Mark A. Potashnick (E.D. Mo. # 41315MO)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170

*Attorneys for Plaintiff Latease Rikard and all those similarly situated*