UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATEASE RIKARD, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) Case No. 4:11CV1580 JCH |
| U.S. AUTO PROTECTION, LLC, et al., | ) ) ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment on the Issue of Defenants' [sic] Failure to Consider Commission and Bonus Payments in the Overtime Rate, filed June 3, 2013. (ECF No. 283). The motion is fully briefed and ready for disposition.

## BACKGROUND

Defendants U.S. Auto Protection, LLC, and U.S. Auto Warranty, LLC, are Missouri limited liability companies. (Plaintiffs' Second Amended Complaint, ¶¶ 8-9). According to Plaintiffs, Defendants Ray Vinson, Jr., Shawn Vinson, and Matthew McLain were officers or members of the Defendant companies, and possessed control over the hiring and firing practices, pay practices, and overall operational functions of the entities. (Id., ¶¶ 10-12).

Beginning in or around early May, 2011, Defendants paid their employees an hourly wage, plus bonuses and commissions. (Plaintiffs' Statement of Uncontested Material Facts, ¶ 1). From approximately early May through August or September, 2011, Defendants paid their employees based on a Paychex time clock program, and paid overtime wages for work performed in excess of forty hours in a single workweek. (Id., ¶¶ 2, 3). The parties agree that Defendants utilized an

overtime pay rate equivalent to precisely one and one-half times the employees' hourly rate of pay, and thus did not include commission or bonus payments in their calculations. (Id., ¶ 5).

As stated above, Plaintiffs filed the instant Motion for Partial Summary Judgment on June 3, 2013, requesting that the Court find in Plaintiffs' favor on the issue of Defendants' failure to consider commission and bonus payments in the overtime rate paid to employees. (ECF No. 283).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor.

*Anderson*, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id.* at 249.

## DISCUSSION

Both the Fair Labor Standards Act and the Missouri Minimum Wage Law require employers to include commission and bonus payments in the "regular rate," which is used to determine employees' overtime rates of pay. *See* 29 U.S.C. § 207(e); 29 C.F.R. § 778.109; 29 C.F.R. § 778.117; 8 C.S.R. § 30-4.010. In their response to Plaintiffs' motion Defendants concede this point, as follows: "Defendants further acknowledge that the law generally requires commissions and bonuses to be included in the total pay for a workweek toward ascertaining the regular rate of pay, on which the applicable overtime rate is based." (Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment on the Issue of Defendants' Failure to Consider Commission and Bonus Payments in the Overtime Rate ("Defendants' Response"), P. 1). The Court thus holds that as to the issue of whether Plaintiffs' regular rate of pay should have included commission and bonus payments for purposes of overtime payment calculations, summary judgment in Plaintiffs' favor is appropriate.

To the extent Plaintiffs seek summary judgment with respect to the issue of damages[1], however, the Court will deny Plaintiffs' motion, as fact questions remain. For example, Plaintiffs dispute Defendants' contention that the time clock program effectively captured all time worked, accepting such proposition for purposes of the instant motion only. (*See* Plaintiffs' Memo in

---

[1] It is unclear to the Court whether Plaintiffs even seek summary judgment on the issue of damages. *See* Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment on the Issue of Defenants' [sic] Failure to Consider Commission and Bonus Payments in the Overtime Rate ("Plaintiffs' Memo in Support"), P. 15 ("Here, the uncontradicted evidence warrants summary judgment on the issue of liability....The specific amount of damages can be determined at trial.").

Support, P. 2 n. 1). For their part, Defendants maintain discrepancies between the time records kept through Defendants' phone system and the compensable times indicated in the sales representatives' payroll records raise a question as to whether any overtime compensation was due in the first instance. (*See* Defendants' Response, PP. 1-2). Under these circumstances, the Court finds genuine issues of material fact exist with respect to whether Plaintiffs are entitled to any damages, and so this portion of Plaintiffs' motion must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment on the Issue of Defenants' [sic] Failure to Consider Commission and Bonus Payments in the Overtime Rate (ECF No. 283) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this 26th day of September, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE