UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATEASE RIKARD, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff(s), ) ) | |
| vs. ) ) | Case No. 4:11CV1580 JCH |
| U.S. AUTO PROTECTION, LLC, et al., ) ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Rule 42(b) Motion to Bifurcate Trial, filed July 3, 2013. (ECF No. 315). The motion is fully briefed and ready for disposition.

## BACKGROUND

Defendants U.S. Auto Protection, LLC, and U.S. Auto Warranty, LLC were Missouri limited liability companies. (Plaintiffs' Second Amended Complaint ("Complaint" or "Compl."), ¶¶ 8-9). According to Plaintiffs, Defendants Ray Vinson, Jr., Shawn Vinson, and Matthew McLain were officers or members of the Defendant businesses, and possessed control over the hiring and firing practices, pay practices, and overall operational functions of the entities. (Id., ¶¶ 10-12).

From approximately January through May, 2011, named Plaintiff Latease Rikard was one of many sales representatives employed by the Defendant companies at their call center in Chesterfield, Missouri. (Compl., ¶¶ 1, 5). Plaintiffs maintain Defendants employed sales representatives to "pre-screen" and "close" telephone sales of vehicle service contracts, which were essentially extended automobile warranties.[1] (Id., ¶¶ 1, 17). According to Plaintiffs, Defendants did

---

[1] Plaintiff Rikard worked as both a pre-screener and a closer at various times during her employment with the Defendant entities in 2011. (Compl., ¶ 5).

not pay their sales representatives based on the number of hours they worked per week, but instead utilized a commission-based pay scheme, with a weekly or monthly minimum payment. (Id., ¶ 17). Plaintiffs further state that sales representatives were not required to track or record the hours they worked in any way, and that the Defendant companies had no system in place for doing so. (Id., ¶ 18).

Plaintiffs allege sales representatives frequently worked in excess of 40 hours in a given workweek, as they often were required to work before and/or after their designated shifts, through some lunch periods, and on certain Saturdays. (Compl., ¶ 19). Plaintiffs assert Defendants refused to pay the proper overtime pay of one-and-a-half times the regular hourly rate of pay for this excess work, and that this deliberate failure on the parts of Defendants violated the Fair Labor Standards Act ("FLSA") and Missouri law. (Id., ¶¶ 20, 21).[2] Based on this alleged wrongdoing, Plaintiffs filed their Complaint on April 20, 2012, asserting claims for violations of the FLSA (Count I) and the Missouri Minimum Wage Law (Count II), and unjust enrichment (Count III).

Subsequent to filing their Complaint, Plaintiffs timely petitioned the Court for an order granting conditional certification of the case as a collective action under § 216(b) of the FLSA, and authorizing them to send notice to all current and former sales representatives who had worked for Defendants in the last three years. In an Order entered December 23, 2011, the Court conditionally certified the class for purposes of Count I of the Complaint[3], and tailored the possible class of opt-in Plaintiffs to "include only those persons that worked for Defendants as sales representatives . . . from

---

[2] Plaintiffs further maintain Defendants' failure accurately to record all time worked by their sales representatives violated the FLSA and Missouri law. (Compl., ¶ 22).

[3] Although the Court's December 23, 2011, Order was directed to Plaintiffs' First Amended Complaint, the only change in the Second Amended Complaint was the addition of individual Defendants Brian Schatzberg, Paul Benenati, Josh Markert, and Ben Deverger, each of whom has since been dismissed or settled. (See ECF Nos. 160, 161, 171, 339).

September 13, 2008[,] to September 13, 2011." (ECF No. 37, P. 11).[4]  In conditionally certifying the class, the Court found that Plaintiffs had submitted allegations sufficient to clear the relatively low hurdle of showing that potential class members were co-victims of Defendants' pay practices. (Id., P. 8).  The Court also determined that a three-year statute of limitations was appropriate for the FLSA claim, stating that "Plaintiffs . . . produced sufficient evidence that Defendants either knew or showed reckless disregard for the matter of whether its [*sic*] conduct was prohibited by statute." (Id., P. 10).  In an Order entered October 4, 2013, the Court denied Defendants' Motion to Decertify Plaintiff's FLSA Claim as a Collective Action, concluding that members of the conditionally certified class were sufficiently similarly situated to allow at least the liability phase of the case to proceed to trial collectively.  (ECF No. 400).

On November 30, 2012, the Court certified a Rule 23(b)(3) class for Counts II and III of Plaintiffs' Complaint.  (ECF No. 213).  The class consists of all individuals who were employed by Defendants as non-supervisory call center employees at any time during the relevant statute of limitations.  In deciding to certify the class, the Court recognized that the decision was a close one. It therefore reserved the right to bifurcate the issues of liability and damages, "in order to avoid a series of 'mini-trials' on each individual Plaintiff's hours worked and compensation paid." (Id., P. 13).

As noted above, on July 3, 2013, Defendants filed the instant Rule 42(b) Motion to Bifurcate Trial, requesting that the Court bifurcate the liability and damages phases of trial.  (ECF No. 315). Defendants request such a ruling to allow for certification to be reviewed again at the remedial stage,

---

[4] In a subsequent Order entered January 19, 2012, the Court reconsidered the aforementioned timeframe and decided that "the conditionally certified class shall include only those persons that worked for Defendants as sales representatives . . . from December 14, 2008[,] to December 14, 2011."  (ECF No. 41, P. 2).

"in order to determine whether the litigation should continue as a group action, whether subclasses should be established, or whether the action should be dismantled into individual trials." (Id., P. 2 (internal quotation marks and citation omitted)).[5]

## DISCUSSION

Federal Rule of Civil Procedure 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims." Fed.R.Civ.P. 42(b). "Rule 42(b) confers broad discretion on the district court in this area, permitting bifurcation under many circumstances, including in furtherance of convenience." *Romero v. Florida Power & Light Co.*, 2012 WL 1970125, at *2 (M.D. Fla. Jun. 1, 2012) (internal quotation marks and citation omitted). Courts have bifurcated consideration of liability and damages issues in actions for overtime compensation under the FLSA. *See, e.g., Lamon v. City of Shawnee*, 1990 WL 120831, at *1 (D. Kan. Jul. 10, 1990); *Thiebes v. Wal-Mart Stores, Inc.*, 2004 WL 1688544, at *1 (D. Or. Jul. 26, 2004).

Upon consideration, the Court finds bifurcation of the issues of liability and damages is appropriate in this case. *Romero*, 2012 WL 1970125, at *6. For liability, sufficiently generalized evidence may exist with respect to Defendants' alleged policy of encouraging and/or requiring Plaintiffs to work beyond their shifts in order to meet established sales goals. *Id.* Evidence regarding damages likely will be more individualized, however, as Defendants have submitted significant evidence tending to show that hours and compensation schemes varied from week to week, and from Plaintiff to Plaintiff.[6] Under these circumstances, it is unclear whether representative

---

[5] Defendants believe separate damages trials would be necessary, "to facilitate individualized inquiries into the number of uncompensated overtime hours plaintiffs have worked and the applicable overtime rate." (ECF No. 315, P. 2 (citation omitted)).

[6] These variations may give rise to individualized damages defenses on Defendants' part.

- 4 -

testimony exists, sufficient to permit just and reasonable inferences as to damages suffered by non-testifying employees without doing injustice to Defendants.

In light of the foregoing, the Court will grant Defendants' Rule 42(b) Motion to Bifurcate Trial.  *See Romero*, 2012 WL 1970125, at *7 ("If Plaintiffs prevail on liability, the calculation of damages in this action will be a complicated process....The Court [finds] that it is neither efficient nor convenient to undertake damage calculations unless and until Plaintiffs have prevailed on the issue of liability.").

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Rule 42(b) Motion to Bifurcate Trial (ECF No. 315) is **GRANTED**.

Dated this 8th day of October, 2013.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE