UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LATEASE RIKARD, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:11CV1580 JCH |
| U.S. AUTO PROTECTION, LLC, et al., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Summary Judgment on Defendants' Affirmative Defenses, filed June 3, 2013. (ECF No. 278). The motion is fully briefed and ready for disposition.

## BACKGROUND

Defendants U.S. Auto Protection, LLC, and U.S. Auto Warranty, LLC were Missouri limited liability companies. (Plaintiffs' Second Amended Complaint ("Complaint" or "Compl."), ¶¶ 8-9). According to Plaintiffs, Defendants Ray Vinson, Jr., Shawn Vinson, and Matthew McLain were officers or members of the Defendant businesses, and possessed control over the hiring and firing practices, pay practices, and overall operational functions of the entities. (Id., ¶¶ 10-12).

From approximately January through May, 2011, named Plaintiff Latease Rikard was one of many sales representatives employed by the Defendant companies at their call center in Chesterfield, Missouri. (Compl., ¶¶ 1, 5). Plaintiffs maintain Defendants employed sales representatives to "pre-screen" and "close" telephone sales of vehicle service contracts, which

were essentially extended automobile warranties.[1] (Id., ¶¶ 1, 17). According to Plaintiffs, Defendants did not pay their sales representatives based on the number of hours they worked per week, but instead utilized a commission-based pay scheme, with a weekly or monthly minimum payment. (Id., ¶ 17). Plaintiffs further state that sales representatives were not required to track or record the hours they worked in any way, and that the Defendant companies had no system in place for doing so. (Id., ¶ 18).

Plaintiffs allege sales representatives frequently worked in excess of 40 hours in a given workweek, as they often were required to work before and/or after their designated shifts, through some lunch periods, and on certain Saturdays. (Compl., ¶ 19). Plaintiffs assert Defendants refused to pay the proper overtime pay of one-and-a-half times the regular hourly rate of pay for this excess work, and that this deliberate failure on the parts of Defendants violated the Fair Labor Standards Act ("FLSA") and Missouri law. (Id., ¶¶ 20, 21).[2] Based on this alleged wrongdoing, Plaintiffs filed their Complaint on April 20, 2012, asserting claims for violations of the FLSA (Count I) and the Missouri Minimum Wage Law ("MMWL") (Count II), and unjust enrichment (Count III).

Defendants filed their Answer to Plaintiffs' Complaint on May 4, 2012. (ECF No. 105). As relevant here, Defendants asserted the following affirmative defenses:

> 3. Defendants acted in good faith and had reasonable grounds for believing that they acted properly in their pay practices with respect to Latease Rikard and all other employees.
>
> 7. The claims of Named Plaintiffs and potential class members are barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the *de minimis* exception.

---

[1] Plaintiff Rikard worked as both a pre-screener and a closer at various times during her employment with the Defendant entities in 2011. (Compl., ¶ 5).
[2] Plaintiffs further maintain Defendants' failure accurately to record all time worked by their sales representatives violated the FLSA and Missouri law. (Compl., ¶ 22).

8. The claims of Named Plaintiffs and potential class members are barred as to all hours during which Named Plaintiffs and potential class members were engaged in activities that were preliminary or postliminary to their principal activities.

9. The claims of Named Plaintiffs and potential class members are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

10. The claims of Named Plaintiffs and potential class members are barred by the doctrines of waiver, laches, estoppel, set-off or unclean hands.

11. Named Plaintiffs and potential class members have failed to mitigate damages, entitlement to which is expressly denied.

13. Named Plaintiffs' claims and those of potential class members are barred, in whole or in part, because some or all of these individuals lack standing to seek some or all of the requested relief.

14. Named Plaintiffs' claims and/or the claims of potential class members are barred, in whole or in part, by the applicable two year statute of limitations. Plaintiffs' alleged damages, if any, are barred and/or limited to the two year period immediately preceding the filing of the Complaint, and for each successively joining Plaintiff, the time each Plaintiff filed his or her Consent to Become a Party Plaintiff.

15. Named Plaintiffs' claims and those of potential class members are barred to the extent that they seek recovery for time periods during which Defendant did not own and operate the companies that are at issue in this case.

16. Named Plaintiffs' claims and/or the claims of potential class members are barred, in whole or in part, because Defendants are exempt from minimum wage or overtime requirements.

17. Named Plaintiffs' claims and/or the claims of potential class members for liquidated damages are barred, in whole or in part, because any and all acts or omissions allegedly giving rise to the instant action were made in good faith and upon the reasonable belief that said acts or omissions were not violations of the Fair Labor Standards Act of 1938.

19. Named Plaintiffs' claims and/or the claims of potential class members are barred, in whole or in part, because any alleged acts or omissions by Defendants that resulted in the alleged failure to pay minimum wage or overtime pay were made in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, or interpretations of the Wage and Hour Division of the Department of Labor.

(Id., PP. 6-8).

As noted above, Plaintiffs filed the instant Motion for Summary Judgment on June 3, 2013, claiming that throughout this litigation Defendants have failed and refused to identify evidence to support the above-referenced affirmative defenses. (ECF No. 278).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id.* at 249.

## DISCUSSION

**I.     Affirmative Defenses 8, 10, 11, 13, 14, 15, 16, 19**

In their response to Plaintiffs' motion, Defendants offer no opposition to Plaintiffs' request for summary judgment on affirmative defenses 8 (preliminary and postliminary activities), 10 (waiver, laches, estoppel, set-off and unclean hands), 11 (failure to mitigate), 13 (lack of standing), 14 (statute of limitations), 15 (lack of ownership of the Defendant entities), 16 (exemption from minimum wage or overtime requirements), and 19 (reliance on administrative guidance). Upon review of Plaintiffs' submissions, the Court finds entry of summary judgment on these defenses is appropriate.

**II.    Affirmative Defenses 3 And 17**

**I**n their third affirmative defense Defendants claim they acted in good faith, and had reasonable grounds for believing that they acted properly in their pay practices with respect to Plaintiffs. In their seventeenth affirmative defense, Defendants claim Latease Rikard's claims and/or the claims of potential class members for liquidated damages are barred, in whole or in part, because any and all acts or omissions allegedly giving rise to the instant action were made in good faith and upon the reasonable belief that said acts or omissions were not violations of the FLSA.

As noted above, the FLSA requires that non-exempt employees be paid time and one-half for hours worked in excess of forty in a single workweek. *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 941 (8th Cir. 2008). "An employer violating this provision may be liable for unpaid overtime compensation and 'an additional equal amount as liquidated damages.'" *Id.*, quoting 29 U.S.C. § 216(b). "Liquidated damages are not considered punitive, but are intended in part to compensate employees for the delay in payment of wages owed under the FLSA." *Id.* (internal quotation marks and citations omitted).

29 U.S.C. § 260 provides an avenue by which the Court may decline to award liquidated damages, as follows:

> In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

*Id.; see also Braswell v. City of El Dorado, Ark.,* 187 F.3d 954, 957 (8th Cir. 1999) (citations omitted) ("An award of liquidated damages under § 216(b) is mandatory unless the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA.").

In their response to Plaintiffs' motion, Defendants assert they maintained an official overtime policy that was in compliance with the FLSA and MMWL. (ECF No. 343, P. 15). Defendants note their policy required sales representatives to obtain permission prior to working overtime, and further required that overtime wages be paid whenever overtime was in fact worked. (Id.). Defendants further contend they reinforced their overtime policy by scheduling forty-hour workweeks, and by encouraging teams of sales representatives to adhere to their scheduled shifts. (Id.).

With their motion and reply brief, Plaintiffs present evidence intended to demonstrate that rather than act in good faith, Defendants either purposely avoided complying with FLSA regulations regarding overtime, or turned a blind eye as to whether they complied or not. Plaintiffs further point out that employers bear the burden of proving good faith and reasonableness, and "the burden is a difficult one, with double damages being the norm and single damages the exception." *Herman v. RSR Sec. Services Ltd.,* 172 F.3d 132, 142 (2nd Cir. 1999) (citations omitted).

Upon consideration of the parties' submissions, the Court concludes genuine issues of material fact remain with respect to whether, should violations of the FLSA eventually be established, Defendants nevertheless acted in good faith and with reasonable grounds to believe they had in fact complied. Plaintiffs' Motion for Summary Judgment on affirmative defenses 3 and 17 must therefore be denied.

## III.   Affirmative Defense 7

In their seventh affirmative defense Defendants maintain Plaintiffs' claims are barred, in whole or in part, because the time periods for which they claim entitlement to overtime pay fall within the *de minimis* exception. "The *de minimis* doctrine allows employers to disregard otherwise compensable work when only a few seconds or minutes of work beyond the scheduled working hours are in dispute." *Kellar v. Summit Seating Inc.,* 664 F.3d 169, 176 (7th Cir. 2011) (citation omitted). The employer bears the burden to show the *de minimis* doctrine applies. *Id.* "When evaluating whether work performed by an employee is *de minimis,* courts typically consider the amount of time spent on the extra work, the practical administrative difficulties of recording additional time, the regularity with which the additional work is performed, and the aggregate amount of compensable time." *Id. (*citations omitted); *see also Chambers v. Sears Roebuck and Co.,* 428 Fed.Appx. 400, 414 (5th Cir. 2011) (internal quotation marks and citations omitted) ("The de minimis rule provides that an employer, in recording working time, may disregard insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes.").

During discovery in this matter, Plaintiffs attempted to explore the basis for Defendants' *de minimis* defense through the following interrogatory: "State and describe in detail all facts and reasons, including but not limited to any legal authority, supporting or underlying

Defendants' contention set forth in their seventh affirmative defense to Plaintiff's Complaint that "The claims of Named Plaintiffs and potential class members are barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the *de minimis* exception." (*See* Plaintiffs' Exh. 1, P. 13). After objecting that the interrogatory was overbroad, unduly burdensome, not properly limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence, and called for a legal conclusion, Defendants stated only as follows: "Additionally, each employee's situation is unique and would need to be addressed on a case by case basis." (Id.). Plaintiffs thus followed up on their exploration of the defense during their deposition of Defendant Ray Vinson, Jr., as follows:

> Q    Are—are you aware of any employee—work that was worked by employees of U.S. Auto Protection that was infeasible to track--…--or record?
>
> A    That was infeasible to track? I'm not sure what you mean.
>
> Q    That the U.S. Auto Protection was unable to track or record?
>
> A    Not to my knowledge.

(Plaintiffs' Exh. 2, P. 145). Plaintiffs further questioned Defendants' Rule 30(b)(6) designee, Defendant Matthew McLain, as follows:

> Q    Okay. Mr. Hamburg was asking you about de minimus time.
>
> A    Yes.
>
> Q    Was any time worked by the employees before or after a shift impractical to track?
>
> A    Impractical?
>
> Q    Yes. Were you unable to track any time worked by employees?
>
> A    While they were hourly, no.
>
> Q    Okay. Before the time they were hourly, was it impractical to track them?

>     A   I would believe we used Task.
>
>     Q   So there were ways to track work time?
>
>     A   To the best of our ability, yes.
>
>     Q   Okay. You're not saying it was impossible to track any amount of work time, are you?
>
>     A   No.
>
>     Q   You're not saying it was impractical to track any amount of work time, are you?
>
>     A   No.

(Plaintiffs' Exh. 4, PP. 152-153).

Upon consideration, the Court finds the above admissions sufficient to justify summary judgment in Plaintiffs' favor on Defendants' *de minimis* affirmative defense. As noted above, the FLSA allows employers to disregard *de minimis* periods, defined as "insubstantial or insignificant periods of time," that "cannot as a practical administrative matter be precisely recorded for payroll purposes." *See* 29 C.F.R. § 785.47. "This rule applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, *and where the failure to count such time is due to considerations justified by industrial realities*." *Id.* (emphasis added). *See also Rother v. Lupenko,* 2011 WL 1311773, at *2 (D. Or. Apr. 1, 2011) ("Being a short amount of time alone is not enough, it must also be impractical to record it."). In the instant case two individual Defendants, including Defendants' Rule 30(b)(6) designee, affirmed during their depositions that there were no periods of time incapable of being recorded for payroll purposes. Under these circumstances, Defendants cannot establish the *de minimis* affirmative defense, and so this portion of Plaintiffs' Motion for Summary Judgment must be granted.

IV.     **Affirmative Defense 9**

In their ninth affirmative defense, Defendants maintain Plaintiffs' claims are barred as to all hours allegedly worked of which Defendants lacked actual or constructive knowledge. In their response to Plaintiffs' motion, however, Defendants state as follows:

> It was a mistake to label defendants' asserted lack of actual or constructive knowledge of plaintiffs' unpaid overtime work an affirmative defense. An affirmative defense pleads matters extraneous to the plaintiff's *prima facie* case which, even if the plaintiffs' allegations are true, nevertheless deny recovery. *Reinsdorf v. Skechers U.S.A., Inc.*, No. CV 10-7181 DDP (SSx), 2013 WL 3878685, at *12 n. 11 (C.D. Cal. July 19, 2013). In contrast, a defense based on the plaintiff's failure or inability to satisfy its burden of proof on an element of his or her claim is not an affirmative defense. *Id.* In FLSA claims, an employer's lack of knowledge is generally not an affirmative defense because it is not extraneous to plaintiffs' *prima facie* case on their unpaid-overtime claims—actual or constructive knowledge is an element plaintiffs must prove. *See Davis v. Food Lion,* 792 F.2d 1274, 1277 (4th Cir. 1986).

(ECF No. 343, PP. 10-11).

In light of the foregoing, the Court finds Defendants effectively have withdrawn their ninth affirmative defense. This portion of Plaintiffs' Motion for Summary Judgment will therefore be denied as moot.[3]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment on Defendants' Affirmative Defenses (ECF No. 278) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this 17th day of October, 2013.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[3] To the extent Plaintiffs shift in their reply brief to consideration of this element of their *prima facie* case, the Court finds fact questions remain, precluding the entry of summary judgment on the issue.