UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LATEASE RIKARD, individually and )
on behalf of others similarly situated, )
                                        )
        Plaintiff(s),                   )
                                        )
    vs.                                 )   Case No. 4:11CV1580 JCH
                                        )
U.S. AUTO PROTECTION, LLC, et al.,      )
                                        )
        Defendant(s).                   )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants= Motion for Summary Judgment against Individual Plaintiffs, filed July 3, 2013. (ECF No. 302). The motion is fully briefed and ready for disposition.

## BACKGROUND

Defendants U.S. Auto Protection, LLC, and U.S. Auto Warranty, LLC, were Missouri limited liability companies. (Plaintiffs= Second Amended Complaint (AComplaint@ or ACompl.@), && 8-9). According to Plaintiffs, Defendants Ray Vinson, Jr., Shawn Vinson, and Matthew McLain were officers or members of the Defendant companies, and possessed control over the hiring and firing practices, pay practices, and overall operational functions of the entities. (Id., && 10-12).

From approximately January through May, 2011, named Plaintiff Latease Rikard was one of many sales representatives employed by Defendants at their call center in Chesterfield, Missouri. (Compl., && 1, 5). Plaintiffs maintain Defendants employed sales representatives to A pre-screen@ and Aclose@ telephone sales of vehicle service contracts, which were essentially extended automobile warranties.[1] (Id., && 1, 17). According to Plaintiffs, Defendants did not pay their sales representatives based on the number of hours they worked per week, but instead utilized a commission-based pay scheme, with a weekly or monthly minimum payment. (Id., & 17). Plaintiffs further state that sales representatives were not required to track or record the hours they worked in any way, and that Defendants had no system in place for doing so. (Id., & 18).

Plaintiffs allege sales representatives frequently worked in excess of 40 hours in a given workweek, as they often were required to work before and/or after their designated shifts, through some lunch periods, and on certain Saturdays. (Compl., & 19). Plaintiffs assert Defendants refused to pay the proper overtime pay of one-and-a-half times the regular hourly rate of pay for this excess work, and that this deliberate failure on the parts of Defendants violated the Fair Labor Standards Act (AFLSA@) and Missouri law. (Id., && 20, 21).[2] Based on this alleged wrongdoing, Plaintiffs filed their Complaint on April 20, 2012, asserting claims for violations of the FLSA (Count I) and the Missouri Minimum Wage Law (Count II), and unjust enrichment (Count III).

Subsequent to filing their Complaint, Plaintiffs timely petitioned the Court for an order granting conditional certification of the case as a collective action under ' 216(b) of the FLSA, and authorizing them to send notice to all current and former sales representatives who had worked for Defendants in the last three years. In an Order entered December 23, 2011, the Court

conditionally certified the class for purposes of Count I of the Complaint[3], and tailored the possible class of opt-in Plaintiffs to "include only those persons that worked for Defendants as sales representatives . . . from September 13, 2008[,] to September 13, 2011." (ECF No. 37, P. 11).[4]  In conditionally certifying the class, the Court found that Plaintiffs had submitted allegations sufficient to clear the relatively low hurdle of showing that potential class members were co-victims of Defendants' pay practices.  (Id., P. 8).  The Court also determined that a three-year statute of limitations was appropriate for the FLSA claim, stating that "Plaintiffs . . . produced sufficient evidence that Defendants either knew or showed reckless disregard for the matter of whether its [*sic*] conduct was prohibited by statute." (Id., P. 10).

On November 30, 2012, the Court certified a Rule 23(b)(3) class for Counts II and III of Plaintiffs' Complaint.  (ECF No. 213).  The class consists of all individuals who were employed by Defendants as non-supervisory call center employees at any time during the relevant statute of limitations.[5]

As stated above, Defendants filed the instant Motion for Summary Judgment on July 3, 2013, requesting that the Court dismiss from Plaintiffs' FLSA claim certain individual Plaintiffs Defendants maintain do not fit within the class definition.  (ECF No. 302).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The substantive law determines which facts are critical and which are irrelevant.  Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323.  Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute."  Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247.  The nonmoving party may not rest upon mere allegations or denials of its pleadings.  *Anderson*, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255.  The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial.  *Id.* at 249.

## DISCUSSION

I.     **Plaintiffs Not Employed By Defendants After November 17, 2009**

In their motion, Defendants claim to have identified the following six opt-in Plaintiffs whose employment with Defendants definitively ended before November 17, 2009:  Forrest Wayne ("Butch") Elam; Katherine L. (Gilda) Fry; Claudia Gonzalez; Antonio Pagano; Rob Saumier; and Regina L. Twidwell.  (See Defendants' Memorandum of Law in Support of their Motion for Summary Judgment against Individual Plaintiffs ("Defendants' Memo in Support"), PP. 4-5).  Defendants further claim to have identified the following two additional Plaintiffs whose employment with Defendants likely ended before November 17, 2009:  Michael Boyer; and Troy Liticker.  (Id., PP. 5-6).  Defendants thus request that these Plaintiffs be dismissed from both the FLSA and Missouri state-law claims.

Plaintiffs do not oppose the entry of summary judgment with respect to opt-in Plaintiffs Elam, Fry, Gonzalez, Pagano, Saumier, Twidwell, and Liticker.  (See Plaintiffs' Response to Defendants' Statement of Facts, ¶ 7 ("The persons identified by Defendants were employed by Defendant U.S. Auto Protection prior to November 17, 2009 and were therefore previously excluded from the claims against the remaining Defendants per the parties' agreement.")).  With respect to opt-in Plaintiff Michael Boyer, however, Plaintiffs correctly note that while Mr. Boyer's personnel file lists his start date as October 13, 2009, the record contains no indication as to his length of employment.  (Id., ¶ 6).  Under these circumstances, the Court finds a genuine issue of material fact exists with respect to whether Mr. Boyer was employed by Defendants during the relevant time period, and so their Motion for Summary Judgment as to Mr. Boyer must be denied.

II.    **Plaintiffs Who Spent A Portion Of Their Employment With Defendants In Positions Other Than Sales Representatives**

Defendants next claim the following opt-in Plaintiffs must be excluded because they

˘ 5 ˘

spent a portion of their employment with Defendants in positions other than sales representatives:  Richard Bohling; Candice Ghobrial; Susan Hampe; Teresa L. Hill; Amanda Maestas; Martha Romero; Martha Turner[6]; Aaron Callison; Gerald E. Cardwell, Jr.; Jason Ernst; Jonathan McCutchen; Ben Peters; Gary Primm[7]; Samantha Prier; Eric Eisleben[8]; Moriah Tess Copeland[9]; Larry Henderson[10]; and Joe Meador[11].  Upon consideration, however, the Court finds dismissal of these Plaintiffs' claims to be inappropriate, as arguably they each spent at least some time working in positions within the FLSA class.  *See* 29 U.S.C. §207(a)(1) (compliance with FLSA overtime requirement is determined on the basis of each workweek).  *See also Chao v. A-One Med. Servs., Inc.,* 346 F.3d 908, 916 (9th Cir. 2003), citing 29 U.S.C. § 207(a)(2)(C) ("An employer becomes responsible for overtime once its employees exceed forty hours in one workweek.").  The Court thus agrees with Plaintiffs that the fact certain Plaintiffs may have worked in positions outside the defined class at times during their employment merely means their recovery may be limited to those times they worked in positions within the FLSA class definition.[12]  This portion of Defendants' Motion for Summary Judgment must therefore be denied.

### III.     Opt-In Plaintiff Becky A. Young

Defendants next assert opt-in Plaintiff Becky A. Young is not part of the FLSA class, as for the entire duration of her employment with Defendants she worked in their accounting and payroll departments. (Defendants' Memo in Support, P. 9).  Plaintiffs concede this point in their response, but note Young remains part of the Rule 23 class, more broadly defined as all individuals who were employed by Defendants as non-supervisory call center employees at any time during the relevant statute of limitations. (Plaintiff's Response to Defendants' Statement of Facts, ¶ 34).  Defendants' Motion for Summary Judgment with respect to Plaintiff Young will

therefore be granted as to her participation in the FLSA class only.[13]

## IV. Opt-In Plaintiff Michael C. Walker

With respect to Plaintiff Walker, Defendants assert without dissent that he began working for Defendants on January 10, 2011, that his biweekly salary as a sales representative was $650, and that according to 2011 payroll records, his total compensation from Defendants was $290. (Defendants' Facts, ¶¶ 63, 65[14]). Defendants further note that Plaintiff Rikard spent her first week of employment with Defendants in training, and worked no overtime. (Id., ¶ 66). From this information, Defendants attempt to extrapolate that Plaintiff Walker worked for Defendants for only one week, spent in training, and thus worked no overtime during his employment with Defendants. (Defendants' Memo in Support, P. 10). Upon consideration, the Court finds Defendants' position does not rely solely on uncontroverted facts, but instead requires a leap of logic to substantiate. Under these circumstances, entry of summary judgment with respect to Mr. Walker is inappropriate and will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants= Motion for Summary Judgment against Individual Plaintiffs (ECF No. 302) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this 29th Day of October, 2013.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff Rikard worked as both a pre-screener and a closer at various times during her employment with Defendants in 2011. (Compl., & 5).

[2] Plaintiffs further maintain Defendants= failure accurately to record all time worked by

their sales representatives violated the FLSA and Missouri law. (Compl., & 22).

[3] Although the Court=s December 23, 2011, Order was directed to Plaintiffs= First Amended Complaint, the only change in the Second Amended Complaint was the addition of individual Defendants Brian Schatzberg, Paul Benenati, Josh Markert, and Ben Deverger, each of whom has since been dismissed or settled. (See ECF Nos. 160, 161, 171, 339).

[4] In a subsequent Order entered January 19, 2012, the Court reconsidered the aforementioned timeframe and decided that Athe conditionally certified class shall include only those persons that worked for Defendants as sales representatives . . . from December 14, 2008[,] to December 14, 2011.@ (ECF No. 41, P. 2).

[5] In light of their settlement with prior ownership, Plaintiffs agreed to limit the recovery period to times since November 17, 2009. (See ECF No. 191, P. 23).

[6] Defendants maintain opt-in Plaintiffs Bohling, Ghobrial, Hampe, Hill, Maestas, Romero and Turner must be excluded because they spent at least part of their employment with Defendants working in the customer service department. (Defendants' Memo in Support, PP. 6-7).

[7] Defendants maintain opt-in Plaintiffs Callison, Cardwell, Ernst, McCutchen, Peters, Primm, Bohling and Romero must be excluded because they spent at least part of their employment with Defendants in supervisory positions. (Defendants' Memo in Support, PP. 7-8).

[8] Defendants maintain opt-in Plaintiffs Prier and Eisleben must be excluded because they spent at least part of their employment with Defendants working on the "Internet team." (Defendants' Memo in Support, PP. 8-9).

[9] Defendants maintain opt-in Plaintiffs Copeland and Primm must be excluded because they spent at least part of their employment with Defendants working in the training department. (Defendants' Memo in Support, P. 9).

[10] Defendants maintain opt-in Plaintiff Henderson must be excluded because he spent at least part of his employment with Defendants serving as a "Policy Advisor." (Defendants' Memo in Support, P. 9).

[11] Defendants maintain opt-in Plaintiff Meador must be excluded because he spent at least part of his employment with Defendants working in advertising. (Defendants' Memo in Support, P. 9).

[12] In their response, Plaintiffs further point out these Plaintiffs may be members of the Rule 23 class for the entirety of their employment with Defendants.

[13] In their reply brief, Defendants request that the Court, "[r]econcil[e] the class definitions for plaintiffs' FLSA and class claims with each other and with plaintiffs' amended complaint…by either interpreting the scope of the certified Rule 23 class, in light of plaintiffs' certification request, as excluding non-sales representative U.S. Auto employees or issuing an order expressly amending the class definition." (Defendants' Reply Brief in Support of their Motion for Summary Judgment against Individual Plaintiffs, P. 5). The Court will deny this request, however, as the requested relief falls outside the scope of the instant Motion for Summary Judgment.

[14] Defendants have two statements of uncontroverted fact numbered 65, both of which are above referenced.